UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO E. HARRIS,<br><br>                 Plaintiff,<br><br>    v.<br><br>JAMES D. HARTLEY, et al.,<br><br>                 Defendants.<br>_____/ | CASE NO.   1:11-CV-01628-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

### SECOND SCREENING ORDER

**I.    PROCEDURAL HISTORY**

Plaintiff Lonzo E. Harris is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed September 26, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

The Complaint is now before the Court for screening.

///////

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. SUMMARY OF COMPLAINT

Plaintiff alleges Defendants were deliberately indifference to his serious medical needs in violation of his Eighth Amendment rights.

On September 3, 2011, while incarcerated at California State Prison-Avenal ("ASP"), Plaintiff suffered an asthma attack in the day room and collapsed to the floor unconscious with alleged incipient cardiac arrest. (Compl. at 5.) Prison staff sounded the alarm and Defendant Perkins, a prison nurse, responded. (Id.) Defendant Perkins told Plaintiff she

would not treat him on the floor and that he had to be seated for treatment. (Id.) Plaintiff, panting and delirious, was assisted to a seat by guards. (Id.)

Defendant Perkins got agitated and raised her voice. She discovered he had a fever. (Id. at 6.) He was transported to the prison medical clinic. (Id.) An hour later he was transported to the hospital where he remained for four days. (Id.)

Plaintiff names as Defendants AVP Warden Hartley, AVP Nurse Perkins, and the California Department of Corrections and Rehabilitations. (Id. at 3-4.)

Plaintiff seeks monetary compensation. (Id. at 7.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal

conclusions are not. Id. at 1949–50.

### B. Eleventh Amendment Immunity

Plaintiff alleges that Defendant California Department of Corrections and Rehabilitation ("CDCR") violated his constitutional rights.

However, the Eleventh Amendment prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir. 1996). Defendant California Department of Corrections and Rehabilitation is a state agency and entitled to Eleventh Amendment immunity from suit. Plaintiff cannot recover damages from the California Department of Corrections and Rehabilitation.

If Plaintiff chooses to file an amended complaint, he should omit the California Department of Corrections and Rehabilitation as Defendant.

### C. Section 1983 Linkage Requirement

Under § 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, a plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948.

Plaintiff fails to allege any facts plausibly linking Defendant Warden Hartley to the

claimed rights violation.

If Plaintiff chooses to amend, he must link Defendant Hartley to some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights or delete reference to him as a Defendant.

### D.     Inadequate Medical Care

Plaintiff alleges that Defendant Nurse Perkins was deliberately indifferent to his serious medical needs.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); see also McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

"[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Here Plaintiff's medical condition is sufficiently serious to satisfy the first element of a deliberate indifference claim.[1]

---

[1] See McGuckin, 974 F.2d at 1059–60 ("the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are

However, Plaintiff fails to allege facts plausibly suggesting that Defendant Perkins was deliberately indifferent in her response to this serious medical needs. The facts demonstrate that a medical response was initiated within two minutes of Plaintiff's collapse to the floor. Nurse Perkins offered treatment upon her arrival and determined in her professional judgment that treatment should be provided to Plaintiff while seated rather than on the floor. Disagreement with Nurse Perkins' decision that Plaintiff should be treated while seated, even if that decision proved wrong or negligently rendered, is not sufficient to show deliberate indifference. See Toguchi v. Chung, 391 F.3d 1051,1058 (9th Cir. 2004).

The fact Nurse Perkins may have been agitated and hollered at Plaintiff, while perhaps inappropriate, certainly does not suggest such a reckless disregard as to give rise to a federal rights violation.

The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992). The allegations against Defendant Perkins, taken as true on screening, amount to no more than a difference of opinion as to treatment. There are no facts alleged upon which the Court could find that Nurse Perkins deliberately and intentionally denied, delayed, or interfered with medical care for Plaintiff's asthma attack, or that she acted in a medically unacceptable manner.

Plaintiff's Complaint does not support a plausible Eighth Amendment deliberate indifference claim against Defendant Perkins. The Court will allow Plaintiff an opportunity to amend this claim. If Plaintiff chooses to amend he must set forth sufficient facts plausibly

---

examples of indications that a prisoner has a 'serious' need for medical treatment.")

claiming a serious medical need and a deliberately indifferent response to that need on the part of Defendant(s).

### E. Exhaustion of Administrative Remedies

Plaintiff alleges he has exhausted his administrative remedies through the prison appeal process. (Compl. at 3.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so "a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008) (quoting Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006)).

In this instance, Plaintiff has failed to allege facts supporting exhaustion at each level of appeal. The Court takes note that this Complaint was filed September 26, 2011 as to an event that took place on September 3, 2011. If Plaintiff chooses to amend, he should allege facts supporting exhaustion at each level of prison appeal.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state any cognizable § 1983 claim.

The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448–49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at 1949 (quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed September 26, 2011,

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir.2011).

IT IS SO ORDERED.

Dated:   May 1, 2012                   /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE