UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO E. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES D. HARTLEY, et al.,<br><br>　　　　Defendants.<br>_____ / | CASE NO. 1:11-CV-01628-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO STATE A CLAIM<br><br>(ECF No. 9)<br><br>FOURTEEN (14) DAY DEADLINE |

　　On September 26, 2011, Plaintiff Lonzo E. Harris, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.)

　　Plaintiff's Complaint was dismissed by the Court on May 2, 2012 for failure to state a claim,

-1-

but he was given leave to file an amended pleading by not later than June 4, 2012. (Order Dismiss., ECF No. 9.) The June 4th deadline has passed without Plaintiff having filed an amended complaint or a request for an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's May 2, 2012 order. The Court will give him fourteen (14) days following service of this orderto show cause why his case should not be dismissed for failure to comply with the Court's order and failure to state a claim. Failure to meet this deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   June 13, 2012                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE