# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONZO E. HARRIS, | CASE NO. 1:11-cv-01628-MJS (PC) |
| Plaintiff, | ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO STATE A CLAIM |
| v. | |
| JAMES D. HARTLEY, et al., | (ECF No. 10) |
| Defendants. | CLERK TO CLOSE FILE |
| | DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |

Plaintiff Lonzo E. Harris is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

Plaintiff has consented to Magistrate Judge jurisdiction. (Consent, ECF No. 5.)

After screening, the Court ordered Plaintiff's Complaint be dismissed for failure to state a claim, but he was given leave to amend provided he did so on or before June 4, 2012. (Order Dismissing, ECF No. 9.)   Plaintiff failed to file an amended complaint or request an extension of time to do so by the June 4th deadline. The Court issued an

order requiring Plaintiff to show cause by not later than July 2, 2012, why his case should not be dismissed for failure to comply with the Court's order and failure to state a claim. (Order to Show Cause, ECF No. 10.) Plaintiff failed to respond to the Court's Order to Show Cause.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987); Ferdik, 963 F.2d at 1260-61;

Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving litigation and the Court's interest in managing its docket weigh in favor of dismissal. In these respects, the Court can not indulge a disregard of its Rules and Orders. The third factor, risk of prejudice to the Defendant, also weighs in favor of dismissal, since a presumption of injury arises from delay in resolving an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

Given Plaintiff's non-responsiveness to the Court's earlier Orders and his pro se and in forma pauperis status, "less drastic alternatives" other than those taken to date (i.e., repeated Orders to comply) do not exist and the ultimate sanction of dismissal is warranted. Malone, 833 F.2d at 132-33.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's action be dismissed, with prejudice for failure to state a claim upon which relief could be granted, and failure to comply with the Court's Orders,

2. The Clerk shall close the case, and

3. This dismissal is subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   July 22, 2012             /s/ *Michael J. Seng*

1  UNITED STATES MAGISTRATE JUDGE
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27